UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KENNETH PITTS,**

    **Plaintiff,**

**v.**                                                                                                        1:23-cv-00120-WJ-SCY

**SAN JUAN COLLEGE,**

    **Defendant.**

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **March 11, 2025,** at **10:00 a.m. (MT)**, and was attended by:

Kenneth A. Pitts
424 Washington St. #35222
Brighton, MA 02135
614.940.9232
Pittsk80@gmail.com
*Plaintiff pro se*

Luke A. Salganek
Laureana Larkin
Miller Stratvert PA
200 West DeVargas, Suite 9
Santa Fe, New Mexico 87501
Telephone: (505) 989-9614
Email lsalganek@mstlaw.com
       llarkin@mstlaw.com
*Attorneys for Defendant*

### NATURE OF THE CASE

Plaintiff Kenneth Pitts (*pro se*) has filed suit against San Juan College. He alleges that he was enrolled as a student in the College's hybrid Physical Therapy Assistant ("PTA") Program, and that the then PTA Director, Theresa Millis, committed racial discrimination by denying Plaintiff's requests for the same or similar clinical rotations as two non-minority students within his cohort. Plaintiff asserts that he has *experienced pain and suffering as well as* lost employment opportunities

1

as a result, and he seeks compensatory and punitive damages. Plaintiff's suit makes claims: (1) under 42 U.S.C. 2000a-1 and 2000a-2; and (2) 42 U.S.C. § 2000d.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

**Plaintiff intends to file:**

Plaintiff(s) should be allowed *until 120 days* to move to amend the pleadings and *until 120 days* to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**Defendant intends to file:** Answer to the Complaint following a decision on pending partial motion to dismiss; motions for summary judgment; motions *in limine*, *Daubert* motions, and other pre-trial motions as necessary.

Defendant should be allowed until May 22, 2025, to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

**The parties are willing to further stipulate to the following facts:**

1.    Plaintiff was enrolled as a student in the College's hybrid (online and in-person) PTA Program in 2019 and 2020.

**The parties further stipulate and agree that the law governing this case is:**

1.    42 U.S.C. 2000a-1 and 2000a-2.

2.    42 U.S.C. § 2000d.

## PLAINTIFF'S CONTENTIONS:

*The Plaintiff was enrolled in San Juan College's hybrid Physical Therapy Assistant ("PTA") Program in 2019 and 2020. On June 9, 2020, he submitted an online complaint form which*

2

*complained about several students at the College, and made a complaint of racial discrimination about the PTA Program. The complaints about the students were forwarded to Dr. Boomer Appleman for preliminary investigation and partial resolution, which resulted in an apology from one of the offending students. Plaintiff's complaints about the Program stated in pertinent part that although he was told by the then PTA Director, Therese Millis, that he could not perform clinical rotations with previous, possible and/or potential [Pro Sports Team] or current employers on-site nor at their affiliated clinics (aka sites, locations, facilities, etc.).*

*The Plaintiff later learned during the cohorts first campus visit that Millis and the PTA Program were scheduling two non-minority students to perform clinical rotations with their current employer at different clinics (sites, locations, facilities, etc.), just as the Plaintiff had requested prior to that first campus and continued to make requests [Alliance Physical Therapy, ATI Physical Therapy, etc] for thereafter . During the first campus visit, Millis explained angrily to the cohort that "even though the Clinical Site Selection Form says "SITES", it means "EMPLOYERS" also!" She continued saying, " I will not allow anyone to complete rotations with an employer, past or present, even if it's at a different site!" Millis explained, "they [the employer] could be paying you during your rotation and I would never know it!"*

*Plaintiff's complaint was investigated by Dr. Adrienne Forgette, and she responded to him on June 16, 2020, but prior to her written response informed the Plaintiff that Millis "was no longer employed by the College" and that it was now "safe to continue your [my] course work without fear of retaliation from Millis". In her written response, she stated that Millis and the PTA Program were permitting the non-minority students to perform clinical rotation externships with their current employers, but not at the same site/location where they worked or had worked in the past two years, which again was exactly what the Plaintiff had requested and continued to request from Millis up to the time of filing a complaint with the College. In a later email message, Forgette would go on to promise that the PTA Program "will extend the same accommodations for your [Plaintiff's] clinical*

3

*placements that are extended to [the] other students", in an attempt to satisfy my complaint of racial discrimination. Plaintiff remained unsatisfied, and the matter was ultimately transferred from Dr. Adrienne Forgette to the College's Section 504/Title IX/Discrimination Investigator, Stacey Allen, for a continuance of investigation on July 7, 2020.*

*Ms. Allen avoided interviewing students who would confirm my allegations and conducted multiple limited scope interviews, collected numerous documents, and drafted a comprehensive and debased investigative report. Her limited investigation concluded that there was insufficient evidence to show that Plaintiff was treated differently than his peers for the selection of a site to perform clinical rotations, even though her investigative report provided information contrary to her determination, as it included multiple confirmations of the Plaintiff's claims and non-minority student admissions.*

*Plaintiff appealed the investigation outcome and a hearing was held on September 17, 2020. Appleman and the Appeals Panel knowingly violated College policy in allowing Ms. Allen to participate in the hearing to influence the Appeals Panel decision, but proceeded anyway. The Panel upheld the investigative findings even though the evidence was presented to them clearly and unequivocally, all of which Ms. Allen nor the Panel could refute.*

*From the date of my initial complaint on June 9, 2020 to present day, I have continued to explain the discrimination in the same manner over and over again. On March 11, 2025 I explained my account in detail to Attorney Luke Salganek and his assistant during our phone meeting the very same information I am providing in this Joint Status Report. I have not wavered in my explanations at any point thus far.*

*Since then, the Plaintiff has successfully acquired court documents which show Attorney Luke Salganek admitting that Millis had been terminated and contract not renewed for cause. Salganek also admitted that Mills' 2019 - 2020 contract "ended prematurely", implying that Millis' employment had ended before June 30, 2020 just as Forgette had admitted.*

**DEFENDANT'S CONTENTIONS**

Plaintiff was enrolled in San Juan College's hybrid Physical Therapy Assistant ("PTA") Program in 2019 and 2020. On June 9, 2020, he submitted an online complaint form which complained about several students at the College, and made several complaints about the PTA Program. The complaints about the students were forwarded to Dr. Boomer Appleman for preliminary investigation and resolution. Plaintiff's complaints about the Program stated in pertinent part that although he was told by the then PTA Director, Theresa Millis, that he could not perform clinical rotations with previous or current employers, he learned that the PTA Program had allowed two other students to perform clinical rotations with their current employers. Plaintiff's complaint was investigated by Dr. Adrienne Forgette, and she responded to him on June 16, 2020. In her response, she observed that the PTA Program permitted its students to perform clinical rotation externships with former employers, but not at the same site/location where they worked or had worked in the past two years, in compliance with established PTA program policy. Plaintiff remained unsatisfied, and the matter was ultimately referred to the College's Section 504/Title IX/Discrimination Investigator, Stacey Allen, for a formal investigation on July 7, 2020.

Ms. Allen conducted multiple interviews, collected numerous documents, and drafted a comprehensive investigative report. Her investigation concluded that there was insufficient evidence to show that Plaintiff was treated differently than his peers for the selection of a site to perform clinical rotations.

Plaintiff appealed the investigation outcome and a hearing was held on September 17, 2020. The Appeals Panel upheld the investigative findings.

The College denies Plaintiff's allegations and claims, as well as any allegations that any of its acts caused injuries or damages to Plaintiff.

## **PROVISIONAL DISCOVERY PLAN**

**The Plaintiff proposes to the Court the following discovery plan:**

1. place discovery on a standard 180-day track;

2. initiate discovery immediately following the Rule 26(f) conference

3. provide witness and exhibits lists 14 days after the Rule 26(f) conference; and

4. send discovery requests in compliance with the Federal Rules and Local Rules.

**The Defendant proposes to the Court the following discovery plan:**

Because Defendant has a pending dispositive motion, the resolution of which may alter the scope of discovery, and because Defendant intends to file a motion for summary judgment on Plaintiff's remaining claims, Defendant asks the Court to stay discovery in this case pending resolution of these dispositive issues.

A. **Witnesses presently known to Plaintiff:**

1. PTA Program student(s)

B. **Witnesses presently known to Defendant:**

1. Stacy Allen
   San Juan College Human Resources Officer
   c/o SJC Defendant's Counsel
   Farmington, New Mexico

2. Kristina Lacey
   San Juan College Program Director
   c/o SJC Defendant's Counsel
   Farmington, New Mexico

3. Amy Cooper
   PTA Program – San Juan College
   c/o SJC Defendant's Counsel
   Farmington, New Mexico

4. Lisa Easley
   Records Specialist – San Juan College
   c/o SJC Defendant's Counsel
   Farmington, New Mexico

5.      Kerri Langoni Carpenter
   Vice-President of Human Resources and Legal Activities – San Juan College
   c/o SJC Defendant's Counsel
   Farmington, New Mexico

6.      Therese M. Millis
   Former Program Director – San Juan College
   Address unknown

7.      Adrienne Forgette
   Former Vice President for Learning – San Juan College
   Current address unknown

Witnesses 1-7 are believed to have knowledge regarding their interactions with Plaintiff, the policies and procedures of the PTA Program, Plaintiff's requests related to his clinical rotation externships, and his performance in the Program.

C.    **Exhibits presently known to Plaintiff:**

*1.*    *Forgette communications with Plaintiff*

*2.*    *Stacey Allen communications with Plaintiff*

*3.*    *Other SJC Staff communications with Plaintiff regarding complaints*

*4.*    *Clinical Rotation Log*

*5.*    *Clinical Site Selection Form*

*6.*    *Cohort student email message(s) and Affidavit(s) regarding "Policy"*

*7.*    *Audio recordings collected during complaint process*

*8.*    *Evaluation and Complaint communications between Millis, PTA Program, College and APTA / CAPTE*

D.    **Exhibits presently known to Defendant:**

1.    Communications between Plaintiff and PTA Program Staff regarding clinical rotations

2.    Clinical Rotation Log

3.    Clinical Rotation Site Selection Form

7

E.      **Experts presently known to Plaintiff:**

*1.     DPT and PTA Program Director(s)*

*2.     Physical Therapy Clinics*

F.      **Experts presently known to Defendant:**

Defendant has not made any determinations regarding potential experts at this time, and will supplement in accordance with the deadlines established in the Scheduling Order entered by this Court.

**J.      Discovery needed by the parties:**

**<u>Plaintiff states Discovery will be needed on the following subjects:</u>**

*1.     All SJC communications regarding Plaintiff complaint (electronic, email, phone, audio, etc)*

*2.     All Complaints filed against Millis and PTA Program*

*3.     Stacey Allen investigation communications (Millis, PTA Program faculty, students, etc)*

*4.     Forgette investigation communications (Millis, PTA Program faculty, students, etc)*

*5.     Appleman investigation communications (Millis, PTA Program faculty, students, etc)*

*6.     Evaluation and Complaint communications between Millis, PTA Program, College and APTA / CAPTE*

*7.     Therese Millis' employment records*

**<u>Defendant states Discovery will be needed on the following subjects:</u>**

Because Defendant has a pending dispositive motion, the resolution of which may alter the scope of discovery, and because Defendant intends to file a motion for summary judgment on Plaintiff's remaining claims, Defendant asks the Court to stay discovery in this case pending resolution of these dispositive issues. Should the Court permit discovery, Defendant anticipates discovery on the following subjects:

8

The incidents and circumstances which are the subject of Plaintiff's allegations, as detailed in his Complaint.

Plaintiff's efforts to mitigate his claimed damages and any other evidence concerning damages.

**The parties agree to the following:**

Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party.  (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

**The parties disagree as to the time allotted for depositions:**

Plaintiff proposes:

Plaintiff's deposition limited to *4* hours.

Each deposition limited to maximum of *4* hours unless extended by agreement of parties *via written, in-person, remote, or by any combination of these methods.*

Defendant proposes:

Plaintiff's deposition limited to 7 hours.

Each deposition other than Plaintiff limited to maximum of 4 hours unless extended by agreement of parties.

**Reports from retained experts under Rule 26(a)(2) due**:

from Plaintiff(s) by July 16, 2025

from Defendant(s) by August 15, 2025

Supplementation under Rule 26(e) due within 30 days of discovery.

All discovery commenced in time to be complete by September 30, 2025.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

<u>Plaintiff intends to file</u>: *Dispositive Motions, Motion for Summary Judgment on Defendant's claims, Other motions based on the nature of Defendant's proposed exhibits and discovery.*

<u>Defendant intends to file</u>: Dispositive Motions, Motions for Protective Order as needed; Other motions based on the nature of Plaintiff's proposed exhibits and discovery; motions for protective order/confidentiality order as may be needed under the Family Educational Rights and Privacy Act ("FERPA"); *Daubert* motions and motions *in limine.*

Defendant has filed a Partial Motion to Dismiss Plaintiff's claims under 42 U.S.C. 2000a-1 and 2000a-2.

Defendant intends to file a dispositive motion on Plaintiff's remaining claim under 42 U.S.C. § 2000d.

Because Defendant has a pending dispositive motion, the resolution of which may alter the scope of discovery, and because Defendant intends to file a motion for summary judgment on Plaintiff's remaining claims, Defendant asks the Court to stay discovery in this case pending resolution of these dispositive issues.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5 days.

\____ This is a non-jury case.

\___X_ This is a jury case.

The parties request a pretrial conference as determined by the Court.

## SETTLEMENT

10

Plaintiff's position:

*The Plaintiff's (pro se) limited understanding of the law does believe the possibility of settlement in this case can be evaluated prior to ruling on dispositive motions. The possibility of settlement may be enhanced by use of the following alternative dispute resolution procedure: Designation of a mediator. The Honorable Judge Johnson may choose to continue to facilitate any settlement discussion. The Plaintiff requests a settlement conference immediately following the Rule 16 Initial Scheduling Conference at a mutually agreeable date, as the Court permits.*

Defendant's position:

The possibility of settlement in this case cannot be evaluated prior to ruling on dispositive motions. Defendant requests a settlement conference following the close of discovery.

**EXCEPTIONS**

Plaintiff's exceptions:

*Plaintiff wishes to add claim (3):*

*(1) under 42 U.S.C. 2000a-1 and 2000a-2*

*(2) 42 U.S.C. § 2000d*

*(3) The New Mexico Human Rights Act (NMHRA)*

Defendant's exceptions:

Defendant objects to Plaintiff's request under "Amendments to Pleadings and Joinder of Parties" that he should be allowed "120 days" to move to amend pleadings and to join additional parties as this request is unnecessarily long, especially given the length of time this case has been pending.

       APPROVED WITH/WITHOUT EXCEPTIONS
       (note exceptions above)

         */s/ Kenneth Pitts*
       Kenneth A. Pitts (*pro se*)
       424 Washington St. #35222
       Brighton, MA 02135
       Pittsk80@gmail.com


         */s/ Luke Salganek*
       Luke A. Salganek
       Laureana Larkin
       Miller Stratvert, P.A.
       200 West DeVargas Suite 9
       Santa Fe, New Mexico 87501
       (505) 989-9614
       lsalganek@mstlaw.com
       llarkin@mstlaw.com

       For Defendant