IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH PITTS,

      Plaintiff,

v.                                                          Civ. No. 23-120 WJ/SCY

SAN JUAN COLLEGE,

      Defendant.

## ORDER SETTING CASE MANAGEMENT DEADLINES AND DISCOVERY PARAMETERS

**THIS MATTER** came before the Court on a Rule 16 scheduling conference held on April 8, 2025. The Court reviewed the attorneys' Joint Status Report and Provisional Discovery Plan (Doc. 62), and after conferring with counsel, adopts it as modified in this order. The parties shall exchange initial disclosures within 14 days of the Rule 16 scheduling conference. The Court will permit the following discovery:[1]

    a)      Maximum of 25 Interrogatories by each party to any other party;

    b)      Maximum of 25 Requests for Admission by each party to any other party;

    d)      Maximum of 10 Depositions per side; and

---

[1] Service of interrogatories, requests for production, or requests for admission shall be considered timely only if the responses are due prior to the deadline. A notice to take a deposition shall be considered timely only if the deposition takes place prior to the discovery deadline.

*All* opposed discovery-related motions—including those not covered by D.N.M.LR-Civ. 26.6, such as motions to compel related to depositions or motions for a protective order under Fed. R. Civ. P. 26(c)—must be filed within 21 days of the disclosure, response, answer, or objection that is the subject of the motion, unless the parties agree to extend this deadline or the Court extends the deadline. The Court expects the parties to liberally agree to extend this deadline when the parties are actively engaged in communication to resolve the dispute.

    e)      Depositions, other than Plaintiff and a Rule 30(b)(6) witness, are limited to 4 hours each unless extended by agreement of the parties. Depositions of Plaintiff and a Rule 30(b)(6) witness are limited to 7 hours, unless extended by agreement of the parties.

The Court has set the following case management deadlines:

| | | |
|---|---|---|
| a) | Deadline for Plaintiff to move to add additional parties and to amend pleadings[2]: | June 9, 2025 |
| b) | Deadline for Defendant to move to add additional parties and to amend pleadings[2]: | July 9, 2025 |
| c) | Plaintiff's Rule 26(a)(2) expert disclosure[3]: | July 30, 2025 |
| d) | Defendant's Rule 26(a)(2) expert disclosure[3]: | August 29, 2025 |
| e) | Termination date for discovery: | September 30, 2025 |
| f) | Motions relating to discovery to be filed by: | October 21, 2025 |
| g) | Pretrial motions other than discovery motions[4] filed by: | October 30, 2025 |

---

[2] Federal Rule of Civil Procedure 16 requires that the Court set a deadline for amendment of pleadings and joinder of parties. A party seeking to amend the pleadings after the above dates must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b) and satisfy the requirements for amendment under Federal Rule of Civil Procedure 15(a). *See, e.g.*, *Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014).

[3] Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[4] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The presiding judge will set a motions in limine deadline in a separate order, as well as the pretrial order deadlines.

Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

                                               _____
                                               **STEVEN C. YARBROUGH**
                                               **United States Magistrate Judge**