IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH PITTS,

    Plaintiff,

v.                                                                                       No. 23cv120 WJ/SCY

SAN JUAN COLLEGE,

    Defendant.

**ORDER DENYING MOTIONS TO SEAL
ORDER AND STAYING DISCOVERY**

This matter comes before the Court on (1) Plaintiff's Motions to Seal, Docs. 69 & 79; and (2) Defendant's Motion to Stay Discovery, Doc. 97, and Plaintiff's Motion to Compel, Doc. 100. More specifically, in the first set of motions, Plaintiff requests to seal two documents: his motion for summary judgment and his response to a motion to dismiss. In the second set of motions, the parties dispute whether discovery should be stayed or compelled pending decision on the pending dispositive motions. For the reasons stated below, the Court denies Plaintiff's motions to seal and Plaintiff's motion to compel, and grants Defendant's motion to stay discovery.

    A.    <u>Motions to Seal</u>

Plaintiff moves to seal his Motion for Summary Judgment (Doc. 67) and his response to Defendant's motion to dismiss (Doc. 78). The motions to seal are identical. In these motions, the extent of Plaintiff's explanation is that:

> The Plaintiff makes this request in an attempt to protect the identities and personal information of the friends and former student cohort participants who have been willing to speak up in my time of hardship and need for help. Plaintiff's request is solely for the protection of these individuals, as granting public access could result in potential harm.

Docs. 69 & 79.

Defendant does not oppose the motions. Docs. 81 & 88. The parties' agreement to seal court documents, however, does not consider the public's interest in open judicial proceedings. *See J.B. v. Vaughn*, No. 18cv130, 2018 WL 11279681, at *2 (D. Utah Oct. 12, 2018) ("The common-law right of access to judicial records may not be vitiated by agreement of the parties to a case. Individual litigants cannot waive, even bilaterally, a right held by the public at large."). The Court therefore examines whether Plaintiff has overcome the public right of access, regardless of Defendants' non-opposition.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Judicial records are public documents almost by definition, and the public is entitled to access by default. Especially where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (cleaned up); *see U.S. v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (when analyzing a motion to seal, a court begins with a "strong presumption in favor of public access"). The party seeking to seal "bears the burden of showing some significant interest that outweighs the presumption." *U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted); *see also Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011) (the party seeking to seal bears a "heavy burden").

Plaintiff's motion does not address the public interest in judicial proceedings. Moreover, Plaintiff does not explain what sort of threat the witnesses face, and from whom. If Plaintiff seeks to protect the identities of witnesses who will testify against Defendant because of potential retaliation from Defendant, Plaintiff gains no protection from filing documents Defendants, but not members of the public, can view. If Plaintiff seeks to protect the identities of

the witnesses from the public at large, to overcome the presumption in favor of open proceedings, Plaintiff must explain how the public at large poses a retaliation threat to the witnesses, which Plaintiff has not done. Accordingly, the Court denies the motions to seal.

      B.      <u>Motion to Stay Discovery and Cross-Motion to Compel Discovery</u>

Defendant moves to stay discovery until the Court issues a decision on the pending dispositive motions. Doc. 97. Plaintiff filed an opposition to that motion (Doc. 98), as well as a motion to compel discovery (Doc. 97) and a surreply (Doc. 105), in which he argues that discovery should not be stayed and Defendant should be compelled to respond to the discovery he served.

This Court has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) ("the district court has the power to stay proceedings before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants"); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of discovery).

It is appropriate for a court to stay discovery until a pending dispositive motion is decided where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (in the context of a pending motion to dismiss); *see also Kickapoo Tribe of Indians of Kickapoo Rsrv. in Kan. v. Nemaha Brown Watershed Joint Dist. No. 7*, No. 06cv2248, 2013 WL 3821201, at *1 (D. Kan. July 23, 2013)

(applying same test in summary judgment context). Although a finding of any single one of these three factors is sufficient to justify a stay, the Court finds all three are met in this case.

The parties agree that the first factor is met here. That is, the basis for Defendant's stay request is the pending dispositive motions: Defendant's two motions to dismiss (Docs. 55 & 77); Defendant's motion for summary judgment (Doc. 94); and Plaintiff's three motions for summary judgment (Docs. 67, 76, 107). Defendant argues that, "Resolution of each of the dispositive motions will likely conclude the case." Doc. 97 at 4. Likewise, Plaintiff agrees that resolution of those motions would be dispositive of the case. The only thing the parties disagree on is which party resolution of the dispositive motions will favor. *See* Doc. 98 at 4 (Plaintiff asserting that "[r]esolution of each of the dispositive motions may likely conclude the case in favor of the Plaintiff"). Thus, the Court finds the first factor is satisfied.

And, the same reasons apply with respect to the third factor. Both parties agree that resolution of the pending dispositive motions are likely to resolve all pending claims. Even if the case is not finally resolved on the pending motions, however, resolution of those motions could narrow the issues and thus narrow the scope of discovery. Thus, discovery on all issues of the complaint would be burdensome given the potential for the motions to narrow the issues in the case.

The Court thus turns to the question under the second factor of this test: whether the discovery sought is relevant and necessary for Plaintiffs' opposition to the motions for summary judgment. In *Diaz v. Paul J. Kennedy L. Firm*, the Tenth Circuit upheld the district court's decision to stay discovery pending resolution of summary judgment motions under an abuse of discretion standard. 289 F.3d 671, 674 (10th Cir. 2002). The Court observed that "Plaintiffs did not inform the district court, with any specificity, how additional information would have helped

4

them oppose defendants' motion for summary judgment. Furthermore, they did not even attempt to show reasons why they could not 'present by affidavit facts essential to justify their opposition' to the summary judgment motion. Fed. R. Civ. P. 56(f). We ascertain no abuse of discretion in the district court's discovery ruling." *Id.* (internal alterations omitted).

So here too. Plaintiff states, without elaboration, that "[t]he discovery Plaintiff seeks is pertinent to the outstanding motions, and the Defendant's responses to the Plaintiff's Interrogatories and Requests for Admission will play a significant part in his upcoming opposition and requests." Doc. 98 at 4. Plaintiff does not explain what discovery he served, which requests are needed for briefing on the dispositive motions, or how the requests relate to any argument in those motions. Thus, for the reasons articulated in *Diaz*, the Court denies the request to compel discovery.

Defendant further argues that discovery is not necessary as evidenced by the fact that Plaintiff himself filed dispositive summary judgment motions. Doc. 97 at 4. The Court agrees that Plaintiff's summary judgment motions, filed without the benefit of the discovery he moves to compel, essentially represent to the Court that the current record is sufficiently complete to resolve the case in his favor. Docs. 67, 76, 107. Other district courts have observed that a stay is particularly appropriate where the party seeking discovery has filed briefing related to the dispositive motions before obtaining such discovery. *Stine v. Swanson*, No. 07cv799, 2008 WL 349971, at *2 (D. Colo. Feb. 6, 2008) ("the Court notes that the Motion for Summary Judgment has been briefed by Plaintiff without the benefit, or the apparent necessity, of discovery"); *Neill v. State Farm Fire & Cas. Co.*, No. 13cv627, 2015 WL 8773490, at *2 (W.D. Okla. Dec. 14, 2015) ("[N]o additional discovery is needed before a summary judgment ruling can be made;

5

Plaintiffs have already filed their response."). Plaintiff's three dispositive motions undercut his argument that further discovery is necessary to resolve this case.

Accordingly, the Court denies the motion to compel without prejudice and grants the motion to stay discovery pending decision on the dispositive motions (Docs. 55, 67, 76, 77, 94, and 107). If the Court denies the dispositive motions and permits an issue to remain for trial, the Court will allow Plaintiff to re-file the motion to compel. The parties, however, must engage in a meet and confer process before re-filing any motions. Finally, if the Court resolves any such future motions to compel in Plaintiff's favor, the Court will hold a status conference to reset any necessary case management deadlines.

**THEREFORE, IT IS ORDERED THAT**

1. Plaintiff's Motions to Seal, Docs. 69 & 79, are DENIED. The Clerk's Office shall UNSEAL Docs. 67 and 78.

2. Defendant's Motion to Stay Discovery, Doc. 97, is GRANTED; Plaintiff's Motion to Compel, Doc. 100, is DENIED. The current scheduling order deadlines are vacated, to be reset at a later date.

3. Plaintiff's request for a hearing, Doc. 105, is DENIED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE